IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KATHY C. JOHNSON                                                                                       PLAINTIFF

vs.                                              CASE NO. **4:05CV00467 GH**

JO ANNE B. BARNHART,                                                                              DEFENDANT
Commissioner, Social Security Administration

## ORDER

On January 11, 2006 the Magistrate Judge issued his proposed findings and recommended disposition, recommending that the decision of the Commissioner finding that plaintiff is not disabled be affirmed. The Court has reviewed the record, and rejects the Magistrate Judge's proposed findings and recommended disposition. Rather, the Court finds that the decision of the Administrative Law Judge (ALJ) is not supported by substantial evidence and that the case should be remanded.

Plaintiff filed an application for disability benefits on January 24, 1997, alleging that she became disabled July 15, 1996 due to injuries suffered in an automobile accident resulting in nerve and muscle damage. She also stated that she suffered from myasthenia gravis, polyneuropathy, fibromyalgia, and difficulty breathing, as well as neck, back, leg, arm and hand pain. On April 17, 1998, the ALJ found that plaintiff met a medical listing at 1.05C, 20 C. F. R. Part 404, Appendix Subpart P, and she was found disabled as of July 15, 1996.

On October 16, 2001, plaintiff received notice from the Social Security Administration (SSA) that her case was being reviewed. SSA determined that plaintiff's disability ceased on May 1, 2002 with benefits terminating on July 31, 2002. Plaintiff filed a request for reconsideration and a hearing before a disability hearing officer was held on

-1-

June 3, 2003.  On June 17, 2003, the disability hearing officer found that the ALJ's previous ruling finding that plaintiff met a medical listing was in error and that plaintiff was not disabled.[1]  Pursuant to plaintiff's request, an ALJ held a hearing on April 6, 2004, at which plaintiff, accompanied by her counsel, and a lay witness appeared and testified. The ALJ issued his decision on May 16, 2004, finding that plaintiff was not disabled. On January 26, 2005, the Appeals Council denied plaintiff's request for review of the ALJ decision.

Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g).  *See also Clark v. Apfel*, 141 F.3d 1253, 1255 (8th Cir. 1998).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  *See also Smith v. Barnhart*, 435 F. 3d 926, 930 (8th Cir. 2006) (quoting *Young v. Apfel*, 221 F. 3d 1065, 1068 (8th Cir. 2000) ("Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion.")

Plaintiff was 42 on May 1, 2002.  She completed high school and has past relevant work as a sales manager.

The ALJ found that plaintiff's impairments had improved to such a degree that she can perform substantial gainful work activity and therefore is no longer disabled.  The ALJ found that as of May 1, 2002, plaintiff maintained the residual functional capacity (RFC) to lift no more than 10 pounds, sit six hours in an 8 hour day, and stand/walk 2 hours in an 8 hour day.  He found that she was unable to perform her past work as a sales manager , that she has no transferable skills and is limited to sedentary work.   Relying on the Medical Vocational Guidelines, the ALJ found that plaintiff was not disabled.

---

[1] The disability hearing officer found that plaintiff had not experienced medical improvement with respect to the impairments she suffered when originally awarded benefits.

Plaintiff objects to the ALJ's conclusion, arguing that the ALJ did not give adequate weight to the findings of her treating physician, Dr. Michael Langley. On January 14, 2004, Dr. Langley, a physician whom plaintiff had seen for almost two years, completed a Medical Assessment of Ability to Do Work-Related Activities (Tr. 392-393). He found that she was limited to lifting less than five pounds, can stand and/or walk for two hours during an 8–hour work day but only ten minutes without interruption, can sit six hours during an 8-hour workday but only 30 minutes without interruption, she cannot climb, balance, stoop, crouch, kneel or crawl, and that pushing/pulling are affected by her impairment. On April 5, 2004, Dr. Langley stated that "There is no apparent change in the patient's condition as to improvement. She has trouble keeping her voice and continued muscle weakness while on treatment. Her condition is now aggravated by a myofascial pain syndrome." (Tr. 394). On June 7, 2004, Dr. Langley stated that plaintiff "has several problems, including myasthenia gravis which makes [sic] her totally disabled. . . . She continues to suffer with muscle weakness and weak voice because of the myasthenia, but is also suffering from chronic pain. . . .As far as I am concerned the lady remains totally disabled." (Tr. 397).

The ALJ considered Dr. Langley's assessment but did not give it significant weight. He noted that Dr. Langley is not a specialist, that his clinic is approximately two hours from plaintiff's residence, that she has not obtained similar assessment from a specialist closer to her home, and that the limitations were routinely exceeded by plaintiff in her daycare work. With regard to this last item, the evidence reveals that plaintiff was operating or helping to operate a day care program. Undercover investigators from the State of Arkansas Disability Determination Investigation Unit observed plaintiff holding two children without any indication of pain. Plaintiff told the investigators that she was caring for 10 to 11 children, and daily prepared two meals and an afternoon snack for them. According to the investigator, plaintiff exhibited no difficulty in walking, standing, stopping

or bending.

The ALJ relied on the findings of Dr. David Oberlander, a board certified neurologist. (Tr. 307-309). Dr. Oberlander found that plaintiff 's strength in the upper and lower extremities was 5/5 except for proximal weakness in the arms and legs and that the fine motor skills were intact.  He did not observe any abnormal movements, or abnormalities in heel, toe and tandem walking.  Dr. Oberlander concluded that plaintiff's "symptoms and findings are consistent [with] a long standing history of Myasthenia Gravis with proximal muscle weakness noted on exam and speech difficulties as well with fatigue from this standing point which is a common complaint.  This is a progressive disorder with a change of 'cure' - the Mestinon helps from the symptomatic standpoint.  She also has a longstanding history of cervical and low back pain as well and this pain continues to be a major issue as well."

A claimant's RFC "is a medical question.  Some medical evidence, must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace.  *Lauer v. Apfel* ,  245 F.3d 700, 704 (8th Cir. 2001)(citations and internal quotations omitted).

> A treating physician's opinion should not ordinarily be disregarded and is entitled to substantial weight. *See Ghant v. Bowen*, 930 F.2d 633, 639 (8th Cir.1991). A treating physician's opinion regarding an applicant's impairment will be granted controlling weight, provided the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *See Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir.1998). By contrast, "[t]he opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence."

*Singh v. Apfel* 222 F.3d 448, 452 (8th Cir. 2000).

The medical evidence does not support the ALJ's conclusion with regard to the RFC.   Dr. Oberlander even noted muscle weakness and fatigue, as well as chronic back pain,  although the extent to which that limited plaintiff's ability to lift,  stand or sit is not spelled out.  Furthermore, that plaintiff was observed lifting two children once during a

fifteen minute observation hardly warrants the conclusion that plaintiff can lift 10 pounds regularly day in and day out at work.

The Court finds that the ALJ did not properly evaluate plaintiff's RFC. The ALJ has a duty to full and fairly develop the record. *See Snead v. Barnhart*, 360 F. 3d 834, 838 (8th Cir. 2004). The Court cannot find that there is substantial evidence to support the ALJ's RFC finding. The record needs to be more fully developed with regard to plaintiff's physical limitations.

The ALJ found that plaintiff could not return to her past relevant work as a sales manager, and then relying on the Medical Vocational Guidelines, found that plaintiff was not disabled. Plaintiff contends that the ALJ erred in failing to call a vocational expert to testify. The Court agrees.

Once the ALJ determines that a plaintiff cannot return to her past relevant work, the burden shifts to the Commissioner to prove that there is work in the economy that the plaintiff can perform

> Generally, if the claimant suffers from nonexertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert. *;./Groeper v. Sullivan*, 932 F.2d 1234, 1235 n. 1 (8th Cir.1991)···· The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not significantly diminish the claimant's RFC [residual functional capacity] to perform the full range of activities listed in the guidelines.

*Draper v. Barnhart,*  425 F.3d 1127, 1132 (8th Cir. 2005).

The medical evidence supports plaintiff's assertions that she suffers from chronic pain.  She takes a number of pain medications.   She also suffers from fatigue.  That the investigator observed plaintiff working for fifteen minutes with seemingly no pain does not justify the ALJ to conclude that plaintiff does not suffer from non-exertional impairments. The Court finds that the ALJ improperly discounted plaintiff's subjective complaints.

Because plaintiff suffers from non-exertional impairments which limit her ability to engage in the full range of sedentary jobs, the ALJ should have called a vocational expert to establish that there are jobs in the national economy that plaintiff can perform.

Accordingly, the case is remanded to the Commissioner to more fully develop the record with regard to plaintiff's RFC and to demonstrate that there are jobs in the national economy that she can perform.

THEREFORE, the Court reverses the decision of the Commissioner and remands the case to the Commissioner with instructions to conduct further proceedings consistent with this Order. This is a sentence-four remand.

IT IS SO ORDERED this 3rd day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE